WALKER *v.* THE CHICAGO, ROCK ISLAND & PACIFIC R'y CO.

1. **Railroads:** HANDLING DYNAMITE: EXPLOSION: NEGLIGENCE: EVIDENCE. The defendant, in the regular course of business, had received and hauled to its *terminus* at Council Bluffs, a car loaded with dynamite, billed for a point farther west; but for some reason the Union Pacific Railroad Company refused to receive it for conveyance to its destination, and the defendant placed it on the southernmost of the tracks in its yard, awaiting orders concerning it. It stood there about twenty-four hours, when it was found to be on fire inside from some cause unknown. All reasonable efforts were made to extinguish the fire, but without avail, and it exploded, doing injury to plaintiff's property, half a mile away, for which she seeks to recover. *Held* that the defendant had the right to store the car at some place in its yard; that if plaintiff claimed that there was negligence in storing it where it did, she had the burden to establish that claim, and, there being no evidence of negligence in that respect, nor in any of the points charged in the petition, it was error to submit the question of negligence to the jury.

*Appeal from Pottawattamie District Court.*

MONDAY, JUNE 13.

ON the twenty-sixth day of September, 1881, a box car standing on a side track in the freight yard of defendant at Council Bluffs took fire, and exploded with such force that it injured certain buildings of the plaintiff, situated about half a mile away from where the explosion occurred. This action was brought to recover damages for the injuries to said building. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*T. S. Wright* and *Wright, Baldwin & Haldane,* for appellant.

*D. C. Bloomer* and *J. H. Keatley,* for appellee.

ROTHROCK, J.—The car in question was received by the defendant from a connecting road at Englewood, Illinois. It was a through shipment billed to some point west of Council Bluffs. It was received in the regular course of business, and transported to Council Bluffs, and tendered to the Union Pacific Railroad Company, to be conveyed to its destination. The last named company, for some reason, refused to receive the car, and the defendant placed it upon a side track in its own yards to await orders from the east as to its future disposition. After remaining on the side track about twenty-four hours, the car was discovered to be on fire. The fire appeared to be inside the car, and two of the employes of the defendant attempted to extinguish the fire with buckets of water. They discovered that the car was loaded with dynamite or giant-powder, and abandoned further efforts to save it. A switch engine was used to push the car to a water-tank which was near by, and about the time it was placed in proper position at the tank it was thought unsafe to remain near the car, and it was abandoned, and in a few minutes it exploded.

The alleged negligence of the defendant is set out in the petition as follows: "That on or about the said day defendant received from some of its connecting lines a freight car filled with dynamite, giant-powder, or some other highly-combustible substance, so known to be to defendant at the time the same was received by defendant at its said yard, and that said car was unprotected by any sheet-iron, or any fire-proof walls or covering, but was wholly exposed to fire from passing engines or other sources; that, while so exposed to fire, defendant negligently allowed it to stand in the freight yards for a great many hours, during which time the said car took fire on the outside from a passing engine, or some other source, which fire communicated to said explosive material, whereby the same, on said day, was exploded, destroying many other cars of defendant, its round-house and freight depot, and the concussion thereof destroyed a large

quantity of the glass of the plaintiff in her said buildings, above described, and otherwise greatly injuring and rendering insecure said buildings, all of which was the necessary and natural result of the explosion, and of the said negligence of the defendant, whereby plaintiff has been damaged in the sum of six hundred ($600) dollars, for which judgment is prayed."

The evidence shows quite conclusively that the car was loaded with giant-powder. The plaintiff's counsel in their argument contend that it was ordinary gunpowder. This claim is not only not supported by the evidence, but is not consistent with the averments of the petition which we have herein set out. The case was tried in the court below upon the theory that the explosive substance was giant-powder.

The freight yard is composed of some eight or ten tracks, and is about 300 feet wide, and a mile and a half long. The car in question stood on the outer track at the south side of the yard. The wind blew from the south during the day of the accident, and there is no evidence that fire was communicated to the car by engines passing on other tracks. It is true, the charge in the petition is that the car took fire from a passing engine, or some other source; but there is no averment and no evidence that the passing engines were in any manner defective in their machinery for protection against fire escaping therefrom. The sole ground of complaint was that the car was negligently permitted to remain in an improper place; that it should have been placed at some point where, if an explosion occurred, adjacent property would not be injured. This question was submitted by the court to the jury in the following instruction:

"The defendant, having a right to receive this car and its contents for transportation, and having a right to so transport them over its line, was under obligation, when the car arrived at Council Bluffs, and at the terminus of its line, to keep the car in its possession until it could be forwarded towards its final destination, or otherwise disposed of, as the

owners of the property might direct. If the car was destined for some point further west, and was intended to be forwarded over the Union Pacific Railroad, and the company operating that road refused to receive it from defendant, the defendant could not abandon it or deliver it to a stranger, but was bound to keep it as safely and carefully as could reasonably be done until arrangement was made for forwarding it, or until the owner gave some direction regarding the disposition of it. The defendant was not obliged to unload this car, and place its contents in storage, if the car was a reasonably safe place to keep such contents while it would have to remain here; nor was it under obligation to provide a freight yard outside of the city, or at any other particular place, for the keeping of cars laden as this one was; but it was under this, and no greater, obligation, viz: that it use such care and caution as reasonably prudent persons would use, under like circumstances, to place said car and its contents where it would not be exposed to unnecessary risk, or unnecessarily endanger surrounding property. And the only question in this case, so far as the liability of the defendant is concerned, is whether the defendant did use this degree of care. If it did use the degree of care above indicated, it will not be liable. But if the evidence shows that defendant did not use such degree of care, and its failure to do so caused the explosion which occurred, the defendant will be liable for the injury, if any, caused to the property of others thereby."

We think there was no evidence in the case which authorized the jury to determine that the defendant was negligent in storing the car on the south track in its yard. It could not remove it from its yard, and leave it standing on its main track, without interfering with the passage of trains over its road, and there is no evidence tending to show that the damage to property would have been less if the car had been on any other track, or at any other place in the yard.

The court further instructed the jury as follows: "The

defendant had a right to assume that the contents of said car were properly packed and properly protected against all the ordinary dangers incident to transportation of cars and their contents over railroad lines, and there is no evidence to show that such contents were not so properly packed and protected."

The evidence shows that, while giant-powder is an explosive substance of immense disruptive power, yet, if properly packed, the shipment of it by rail is not attended with any more hazard than the transportation of ordinary merchandise. Now, in view of this evidence, and of the instruction by the court to the jury, there was no ground for imputing negligence to the defendant. The relation between the parties to the action is not such that the law presumes negligence in the defendant by the mere fact that the plaintiff's property was injured. The burden was on the plaintiff to show that the place where the car was stored was an improper place. All the light the jury had on this subject was that the car exploded, and the plaintiff's property was injured.

REVERSED.