Dickman, J.
On the 20th day of January, A. D. 1882,. Chauncy F. H. Huffj the plaintiff, was engaged as an employe of Fay & Co., in locating and getting in working order on the-premises of the defendants, Josiah Austin and James Morrison, a saw-mill which Austin had recently purchased of Fay & Co., the latter to furnish a man to help in setting up and getting-the same in working condition. While engaged as such employe of Fay & Co., the plaintiff was injured in his person by an explosion of the steam-boiler owned and used by the defendants to run the saw-mill. The plaintiff brought his action in the court of common pleas, alleging that the explosion was caused by the defectiveness of the boiler and engine, and the carelessness of the defendants in managing and conducting the same, and claimed damages for the injuries he had suffered. A judgment was rendered in favor of the plaintiff, which judgment was reversed by the circuit court, and the cause remanded for error of the court of common pleas in instructing the jury as follows:
*387 “ If the plaintiff was without fault on his part, and was injured by the explosion of a boiler operated by the defendants, or their servant or agent, the mere fact of such explosion raises a presumption of negligence on the part of the defendants. This presumption is only prima fade however, and not conclusive; that is, the plaintiff will be entitled to recover on such presumption, unless the defendants, by a preponderance of evidence, show that they exercised ordinary care and prudence, that is, such care and prudence as is ordinarily exercised by men of ordinary prudence under like circumstances.”
The defendants had a right to place the steam-boiler on their premises. Used as it was to run the saw-mill, it was in no sense a nuisance. As an agent in the varied departments of industry, the steam engine has become a necessity in modern life. But though placed on one’s own premises, the owner of a steam engine and boiler will be held responsible for his negligence, if he so operates the same as to injure one who comes lawfully upon the premises by invitation or permission. Though doing a lawful act upon his own premises, he will be liable for injurious consequences that may result from it to another, if it was so done as to constitute actionable negligence. In such case, there is a proper application of the rule that one should enjoy his own property in such manner as not to injure that of another person.
But the existence of negligence is an affirmative fact, and the presumption is, until the contrary appears, that every man will perform his duty. There is a general disposition among men to preserve their property, and avoid difficulty and danger, and escape the liability to which the want of care and diligence would naturally subject them. Ordinarily, these motives will secure on the part of the proprietor of machinery impelled by steam, and the engineer in charge of such machinery, that degree of skill and attention which the safety of the public demands. In view of such presumption it is the general doctrine, as sustained by a great weight of authority, that when negligence is the ground of an action, it devolves upon the plaintiff to trace the fault for his injury to the defendant; that he must give some affirmative evidence from *388 which there may be a logical inference of negligence, and the mere' happening of an accident will not be sufficient evidence of negligence to be left to the jury. See Whart. on Neg. 2d Ed. § 421, and cases there cited.
It is contended however, that the defendants are responsible in the'first instance for the immediate consequences of the bursting of the steam boiler in use on their premises, irrespective of any further question as to pegligence or want of skill on their part, and that the accident, in the absence of explanation, is, of itself, evidence of negligence. It is urged that, where the instrument or machinery is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who- have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. But instances are not unfrequent of steam-boiler explosions where there has been no want of ordinary care and skill in their management, and even where there has been the greatest care; and explosions of steam-boilers have happened, of so mysterious a character, that they could not, with confidence, be assigned to any known cause. Considering the extent to which the agency of steam is now so necessarily and usefully employed, we are not prepared to hold that, the owner of a steam-boiler ■used on his premises, shall be deemed virtually an insurer against all damage and injury to person or property resulting from an explosion, unless, in the event of an accident, he assume the burden of proving that there has been no fault or negligence on the part of himself or his agents.
In the early case of Spencer v. Campbell, 9 W. & S. 32, a man drove a horse to defendant’s steam grist-mill to obtain a grist, and was thus lawfully upon defendant’s premises, and was as much entitled to protection there as if he had been upon his own premises. While there the steam-boiler exploded and killed his horse, and the action was brought for the value of the horse. It was held, that to entitle the plaintiff to recover, he was bound to show the want of ordinary care, skill and diligence.
*389 In Losee v. Buchanan et al., 51 N. Y. 476, there was an extended review of authorities. The action was brought to recover damages occasioned by the bursting of a steam-boiler, while the same was owned and being used by the Saratoga Paper Company, one of the defendants, at their mill. The boiler, by means of its explosion, was projected and thrown upon the plaintiff’s premises, and through several of his buildings, thereby injuring and damaging the same,' and destroying personal property therein. The case sustains the doctrine, that the owner of a steam-boiler, who operates and uses the same, in carrying on his business upon his own premises, in such a manner that it is not a nuisance, is not liable for damages done to the property of his neighbor by an explosion of such boiler, without affirmative proof of negligence on the owner’s part.
Earl, C., in commenting upon Spencer v. Campbell, supra, says: “ I am unable to see how that case differs in principle from the one at bar. To sustain the broad claim of the plaintiff here, it should have been held in that case that the owner of the steam-boiler was absolutely liable, irrespective of any care, skill or diligence on his part, for any damage which the boiler by its explosion occasioned to any property lawfully in the vicinity. Within the rules laid down by these authorities, the defendants in this case could not, without proof of negligence, be made liable for injuries caused to the persons of those who were near at the time of the explosion; and it would be quite illogical to hold them liable for injuries to property, while they were not liable for injuries to persons by the same accident.” See also Marshall v. Wellwood, 38 N. J. L. 339.
Walker v. Chicago, Rock Island & Pacific R’y Co., 71 Iowa, 658, is a comparatively recent case, illustrative of the principle that, the accident itself did not furnish a prima facie presumption of negligence against the defendant. A car of dynamite standing in the yard of the defendant railroad company awaiting the orders of its owner, took fire and exploded. The plaintiff sued for damages for the consequent injury to certain buildings, averring that the dynamite was not properly *390 protected; that the fire had caught from a passing engine; and that the car was negligently permitted to stand in an improper place. At the time of the fire the car stood on the outer track at the south side of the yard, and the wind was blowing from the south. There was no evidence that the fire had caught from passing engines, or that they were defective in their machinery for protection against fire escaping therefrom. There was no evidence that the dynamite was not properly protected, nor that the damage would have been less if the car had been standing at any other place in the yard. It was held, that the burden of proof was on the plaintiff to show that the car stood in an improper place, and that there was no evidence of negligence to go to the jury. The court say: “The relation between the parties to the action is not such that the law presumes negligence in the defendant by the mere fact that the plaintiff’s property was injured. The burden was on the plaintiff to show that the place where the car was stored was an improper place. All the light the jury had on this subject was that the car exploded, and the plaintiff’s property was injured.”
Whether the defendants can be held liable for the injury caused by the explosion of the boiler owned and used by them on their own premises, without affirmative proof of negligence beyond the mere fact of the explosion, is not to be determined by the rule of negligence governing common carriers of passengers and goods. The carrier of goods is an insurer, unless his extraordinary responsibility is limited by special contract. And the carrier of passengers, while not an insurer of their safety, is bound to the observance of the utmost care and diligence for their safety, and is responsible for any, even the slightest neglect. “When carriers undertake to carry persons by the agency of steam, public policy and safety require that they be held to the greatest possible care and diligence. Any negligence, in such cases, may well deserve the epithet of “gross.” Grier, J., in Phil. & Read. Railroad Co. v. Derby, 14 How. (U. S.) 486. By reason of the reliance for personal safety, of passengers upon the carrier, and of the high degree of care and diligence which the law requires towards those *391 with whom there is a relation of trust and confidence, courts have held that, the fact of injury having been suffered by any one while upon a railroad company’s train as a passenger should be regarded as prima facie evidence of the liability. Railroad Company v. Mowery, 36 Ohio St. 418. But as to the presumptive liability even of common carriers for injuries caused by boiler explosions, congress, to remove doubt and uncertainty as to such liability, deemed it necessary to provide by sec. 13 of the act of July 7th, 1838, 5 U. S. Stat. at Large, 306, “ that in all suits and actions against proprietors of steamboats, for injuries arising to person or property from the bursting of the boiler of any steamboat, the fact of such bursting shall' be taken as full prima facie evidence, sufficient to charge the defendant or those in his employment, with negligence, until he shall show that no negligence has been committed by him or those in his employment.” The provision in the act of congress was subsequently repealed, but whether in full force or not, there was no such relation between the plaintiff and defendants herein, as exists between common carriers and passengers, and reported cases determining the liability of common carriers for injuries to passengers under their care, furnish no appropriate rule of decision in the case at bar.

Judgment, affirmed.