## ASA A. WESTCOTT *vs.* CITY OF BOSTON.

Worcester.    October 4, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Municipal Corporations.    Statute,* Construction.  *Negligence.    Boston.*

The rule, that a city or town is not liable in tort for damage caused by its diverting water from a highway upon neighboring land in the performance of its duty to keep the highway convenient for travel, does not apply to damage caused by negligence in the construction of a conduit built to drain a large body of land principally owned by private persons, under a statute giving a city power to lay and construct works for the drainage of lands outside of streets.

A statute giving damages for injuries to land from the construction of sewerage works authorized by the statute, in the absence of an express provision that the remedy is to be exclusive, will not be construed to take away the right of a landowner to maintain an action of tort for injuries to his land from tortious or negligent acts done in exercising the powers conferred by the statute.  So of the remedy given by § 5 of St. 1897, c. 426, relating to sewerage works of the city of Boston.

Whether a city constructing a conduit under statutory authority is negligent, in building the upper end of the conduit first and leaving it open and unconnected for a year and several months, during which time in very unusual conditions of weather the water flowing from it damages certain land below, is a question of fact and not of law.  In such a case it is for a jury to say, whether the weather conditions which caused the damage reasonably were to be expected and reasonably could have been guarded against and whether under all the circumstances leaving the upper section of the conduit open for so long a period was negligence.

TORT for damage to the plaintiff's property, in that part of Boston called Dorchester, by the alleged negligence of the defendant in the construction and management of a surface water sewer or conduit.    Writ dated January 3, 1903.

In the Superior Court the case was tried before *Gaskill,* J. upon the question of liability only.    The judge ordered a verdict for the plaintiff, and reported the case for determination by this court, upon the terms stated in the fifth paragraph of the opinion.

*P. Nichols,* for the defendant.

*G. J. Tufts,* (*T. G. Kent* with him,) for the plaintiff.

BARKER, J.    In January, 1898, the street commissioners of Boston under the provisions of St. 1897, c. 426, authorized the relocation of the Oakland Garden branch of the Stony Brook

sewer as a surface water conduit and ordered its construction, which was begun early in the year 1898. The conduit was intended not merely to care for the surface water of streets, but to collect and carry off all the surface water including that of streams, brooks and natural watercourses on a large body of land. This body of land lies between Franklin Park and a tract of about five acres belonging to the plaintiff, about a mile distant from the park, and lower than the park, the intervening land having a slope down to the plaintiff's land. His land was divided by streets which he had built and on it were buildings which he had erected and which he occupied or rented to others.

The conduit was not completed until about June 27, 1900. The upper part of it toward the park was built first, and the lower end of that part, near the plaintiff's land, was left open and unconnected with any artificial means of carrying off the water which issued from it for more than a year before 1900, and for some months during the year 1900. The conduit was finished by building the lower portion of it in separate sections until all was completed, and not until then was the lower portion united with the section first constructed.

In June and September, 1899, and to a much greater extent in February and March, 1900, the waters collected by the upper section of the conduit, and so brought down to its open mouth, ran upon and caused damage to the plaintiff's land by washing away the soil, tearing out the curbstones of his streets, filling cellars, injuring foundation walls, and in other like ways.

This upper section of the conduit was built in the bed of a natural watercourse. No more water in the aggregate came down this upper section or left it at the lower end than came down the watercourse immediately before the conduit was built, and no greater area was drained by it than was drained by the old watercourse; but the water was so confined by the conduit that it came out from its open end in greater volume than ever before and with increased force, thereby causing the damage to the plaintiff's land.

The writ is in tort and was sued out on January 3, 1903. There was a jury trial at which by agreement of counsel and direction of the presiding judge the liability of the defendant was tried upon certain facts relied upon by one party or the

other, and which are stated in the report by which the case comes here. A verdict for the plaintiff was ordered by the judge. By the terms of the report if the verdict was ordered rightly it is to stand and the plaintiff's damages are to be assessed by a jury. If the ordering of the verdict by the judge was error, but the facts relied on by the plaintiff would justify a jury in finding in his favor, a new trial is to be granted. If none of the facts would justify a verdict in his favor judgment is to be entered for the defendant.

The statute cited provides that the street commissioners may widen, deepen, pave or cover watercourses, or construct open sewers or conduits for the drainage of lands, and may take lands for those purposes, and that the superintendent of streets shall carry out the orders of the commissioners and do any act or thing deemed by him necessary in constructing or maintaining the work. It also gives a remedy by petition for all damages sustained by the owner of any land, watercourse, right, or easement taken by the commissioners, or injured in any manner or by any person in doing any act or thing under the section of the statute which requires the superintendent of streets to carry out the orders of the commissioners and authorizes him to do anything deemed by him necessary in constructing or maintaining the works. See St. 1897, c. 426, §§ 2–5.

1. The defendant contends that it is not liable in this action because the conduit was built for the purpose of carrying away surface water from streets, and a town or city is not liable in tort if in performance of its duty to keep a highway safe and convenient for travel it diverts water upon neighboring land, citing *Flagg* v. *Worcester*, 13 Gray, 601, *Holleran* v. *Boston*, 176 Mass. 75, and numerous other like cases. But the provisions of St. 1897, c. 426, do much more than to enable the defendant to deal with surface water upon streets. The statute gives power to lay and construct works for the drainage of lands outside of streets, and such in great part was the work now in question. The doctrine invoked is not here applicable, the conduit having been laid and built to drain a large body of land mostly in private ownership.

2. The defendant also contends that even if the plaintiff's damages were not the necessary result of the work ordered by

the commissioners but were occasioned by tortious negligence in carrying out such orders, this action will not lie.   In support of this contention the defendant calls attention to the peculiar wording of § 5 of the statute, giving a remedy by petition not merely for damages for any land, watercourse, right or easement taken by the commissioners, but also when any land, watercourse, right, or easement is "injured in any manner, or by any person, in doing any act or thing" under § 4 of the statute.

The defendant's argument is that the temporary nature of the plaintiff's damages would be no defence to a petition under § 5; *Penney* v. *Commonwealth*, 173 Mass. 507; that the damages are caused by some act or thing done by some person or persons under the provisions of § 4, and so are within the language of § 5; and that it is to be supposed that the Legislature, having in mind the inconvenience and injustice resulting from a doubtful or double remedy, has in this enactment provided for a single proceeding to cover injuries of every conceivable description.

We do not so construe the statute.   The right of every landowner to recover by the usual processes of law for tortious damages to his land is important, and one which we cannot hold the Legislature to have taken away in any instance unless its language has no other reasonable meaning.   In the absence of an explicit provision that the remedy by petition is to be exclusive, and is to extend to damages due to tortious and negligent acts done in carrying out the purposes of the statute, we hold that notwithstanding the very general language of § 5 the remedy for such acts is by action of tort and not by petition.

3. We think, however, that upon the facts which were before the court, whether the defendant was negligent in the construction of the conduit was a question of fact, rather than a question of law.   It is true that the time was very long which elapsed between the building of the upper section and the providing of some suitable means for carrying away the water expected to be collected by it and discharged from its lower aperture.   But there seems to have been no possibility of causing damage by so leaving that section of the conduit in ordinary stages of the flow, nor except in very unusual conditions of weather.   Whether such conditions as those which caused the damage to the plaintiff in June and September of 1899 and in February and March of

1900 were reasonably to be expected and reasonably could have been provided against were not questions of law.   We think the case should have been left to the jury to say whether under all the circumstances bearing on the matter the leaving of the upper section of the conduit as it was left for the period during which it was so left was negligence.   For this reason the verdict for the plaintiff must be set aside and a new trial be granted.

*So ordered.*