Howard D. MacGinnis vs. Marlborough-Hudson Gas
Company.

Middlesex.    March 9, 1915. — April 1, 1915.

Present: Rugg, C. J., Loring, De Courcy, Pierce, & Carroll, JJ.

*Gas Company. Actionable Tort. Damages,* For property taken or impaired
under statutory authority.

A gas company upon receiving permission from the board of mayor and aldermen
of a city to dig a trench in a public way and to lay a pipe therein, is authorized
to make use of the street under a public right and if in digging the trench the
company's contractor without negligence blasts a ledge which permits water
collected in a surface depression on land near the way to flow into the cellar
of the owner of other adjoining land, the company has violated no common
law right of such owner and is not liable to him in an action of tort for alleged
negligence.

*Whether* the provision of R. L. c. 110, § 76, that the permission given by the board
of mayor and aldermen of a city to certain corporations for the digging of
trenches and the laying of pipes in highways shall "not affect the right or
remedy to recover damages for an injury caused to persons or property by the
acts of such corporations," was designed to give to a landowner a cause of
action where none existed at common law and to afford compensation for dam-
age necessarily caused by work which is authorized by the statute and is exe-
cuted in a reasonably proper manner, was not decided in this case, which was
an action of tort for alleged negligence.

Tort at common law for damages resulting from the flowing
of water into the plaintiff's cellar because of the removal of a
ledge by the defendant in blasting for the digging of a trench and
the laying of its pipes on Maple Street in Marlborough.    Writ
dated July 17, 1913.

The case was tried before *Stevens,* J.    The following statement
of the case is taken from the opinion of the court.

The plaintiff's house was on the easterly side of Maple Street,
and about five feet from the street line.    On the opposite side of
the street, and about two hundred feet in a northwesterly direc-
tion from this house, was a natural depression of the ground.
Here the surface water from the surrounding territory collected
at certain times of the year and formed a pool or pond that was
about one hundred feet long, thirty feet wide and two feet deep.
The bottom of the pond was always moist and muddy and never
was cultivated.    All the water that did not overflow into the

gutter on the westerly side of Maple Street remained in the pond until it either evaporated or seeped into the ground, joining the ground water.

The defendant, under a license duly issued by the city, opened a trench three and one half feet deep the whole length of Maple Street and about ten feet from the easterly line of the street, for the purpose of laying a line of gas pipe. In connection with this work the contractor employed by the defendant blasted a ledge which extended from a few feet north of the plaintiff's house in a southwesterly direction across the street. When the frost in the ground began to thaw in the last days of March, 1913, — which was about two months after the gas pipe was laid, — and soon after the contractor had used a steam roller on the surface, water in considerable quantities began to percolate into the plaintiff's cellar through and under the wall. The city pumped it out daily for twenty-six days, during which time the water in the pond gradually receded. The jury specially found that the plaintiff's cellar was flooded because the ledge was blown out in the trench near the plaintiff's house; and also found that the work on the trench was not done negligently. Upon the return of the answers of the jury to the special questions, the judge ordered a verdict for the defendant and reported the case for determination by this court upon a stipulation of the parties that, if the ordering of the verdict was wrong, judgment should be entered for the plaintiff in the sum of $612.50 with costs; otherwise, judgment should be entered on the verdict.

*J. J. Shaughnessy*, for the plaintiff.

*F. D. Putnam*, for the defendant.

De Courcy, J. [After the foregoing statement of the case.] The easement in an existing highway permits public uses on and beneath the surface of the way of a far reaching and ever increasing character. Pipes, sewers and subways impose no additional servitude upon the land in the public street for which the owner of the fee can claim damages. *Cheney* v. *Barker*, 198 Mass. 356. *Sears* v. *Crocker*, 184 Mass. 586. *Bishop* v. *North Adams Fire District*, 167 Mass. 364. *Lincoln* v. *Commonwealth*, 164 Mass. 1. As the appropriation of the space below the surface is not an invasion of his common law rights, the abutter cannot maintain an action of tort for an injury caused thereby, unless the construc-

tion work is done negligently or improperly. A common instance of this is where the work necessarily causes surface water to flow, or underground water to percolate, upon the land of an abutter. *Kennison* v. *Beverly*, 146 Mass. 467. *Barry* v. *Lowell*, 8 Allen, 127. *Flagg* v. *Worcester*, 13 Gray, 601. *Holleran* v. *Boston*, 176 Mass. 75. And see "Ways and Waters in Massachusetts," 28 Harv. Law Rev. 478. It is not disputed here that the municipality duly gave consent to the defendant to lay the gas pipes in Maple Street, and that the location of the trench was designated by the superintendent of streets under the terms of the vote of the board of mayor and aldermen. The defendant was thereby authorized to make use of the street under the public right. R. L. c. 110, § 76. *Pierce* v. *Drew*, 136 Mass. 75, 81. *Lincoln* v. *Commonwealth*, 164 Mass. 1, 10.

On the facts shown the defendant has violated no common law right of the plaintiff. In many instances where there is no recovery at common law the Legislature has provided indemnity for injury suffered by abutters and others. Thus compensation is recoverable under the highway statute for injury caused by surface water flowing upon an abutter's land by reason of raising the grade of a street. R. L. c. 51, § 15. *Woodbury* v. *Beverly*, 153 Mass. 245. Under the grade crossing act (R. L. c. 111,§ 153, St. 1906, c. 463, Part I, § 37), remedy is given for acts which cause injury of a special and peculiar kind, although they are not a violation of common law rights. *Hyde* v. *Fall River*, 189 Mass. 439. A town constructing a sewer in land taken for that purpose is liable under R. L. c. 49, § 2, for draining a well on land not adjoining the land taken, although at common law the owner of land lawfully may make excavations in it and thereby drain his neighbor's well. *Trowbridge* v. *Brookline*, 144 Mass. 139. *Davis* v. *Spaulding*, 157 Mass. 431. And under the East Boston Tunnel statute, (St. 1894, c. 548, § 34, as amended by St. 1895, c. 440, §1,) the owner of abutting land whose cellar was flooded owing to the unauthorized removal of a bulkhead was held entitled to compensation. *Fifty Associates* v. *Boston*, 201 Mass. 585. See also *Peabody* v. *Boston*, *ante*, 376.

R. L. c. 110, § 76, which authorizes gas light companies to open the streets for the purpose of laying pipes, with the consent in writing of the mayor and aldermen, provides that "such consent

shall not affect the right or remedy to recover damages for an injury caused to persons or property by the acts of such corpora-·tions." We do not undertake to pass upon the question whether this provision was designed to give the plaintiff a cause of action where none existed at common law, and to afford compensation for damage necessarily caused by work which was authorized by the statute and was executed in a reasonably proper manner. The present action is one of tort for alleged negligence. The jury specially found that the work on the trench was not done negligently; hence no case of liability at common law was made out, — even assuming that an action of tort would lie for negligent acts done in carrying out the purposes of the statute. See *Wescott* v. *Boston,* 186 Mass. 540. We cannot say that the judge was wrong in directing a verdict for the defendant; and under the terms of the report, based on the stipulation of the parties, the entry must be

*Judgment for the defendant.*