JOHN BAINARD *vs.* CITY OF NEWTON.

Middlesex. March 23, 24, 1891. — June 29, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Watercourse — Surface Water — Pollution.*

A small and occasional increase of the flow of surface water into a stream, and the pollution of its waters by the usual impurities from streets, both occasioned by the due construction by a city of a system of surface drainage in some of its streets and ways, does not, apart from statute, afford a cause of action against the city to an owner lower down the stream; but his remedy, if any, is under the statute.

HOLMES, J. This is a bill in equity to enjoin the city of Newton from discharging sewage into a brook called Cheese Cake Brook, above the plaintiff's land upon the brook, and from emptying more water into it than would flow into it naturally. The master's report shows that the city has constructed a system of surface drainage in some of its streets and ways under the powers relating to the public streets and ways, and that no drainage comes into the brook except what comes from the ordinary wash of these streets and ways. In one place in the watershed west of the brook the surface water gathered into a small stream for some thirteen hundred feet, and then spread over the surface again and disappeared below the plaintiff's land. A " small but substantial " portion of the water from the western

water-shed, including perhaps a portion of the last mentioned water, and water from the eastern water-shed, which before had not entered the brook, now flows into it through the drains. The increase occurs mainly in heavy rains and sudden thaws, generally does not last many days, and is not found to cause the brook to overflow. The surface drainage into the brook being now from streets, the water is no longer clear, the fish have been driven from it, and at times it has a disagreeable smell, not found to amount to a nuisance.

Upon these facts, we are of opinion that the bill must be dismissed. The pollution of the water by the usual impurities from streets is not a cause of action. The use of his land for streets, with the usual consequences to owners lower down upon the stream, would not exceed the common law rights of an upper owner. *Wheeler* v. *Worcester*, 10 Allen, 591, 602. *Merrifield* v. *Worcester*, 110 Mass. 216, 220. See *Middlesex Co.* v. *McCue*, 149 Mass. 103. Equally little can the plaintiff complain of the increased discharge of surface water into the stream. We do not say that no change of the water-shed on a large scale could give rise to a cause of action on the part of a lower proprietor. But a change which only slightly and occasionally enlarges the flow of a natural stream within its capacity, and does not make it overflow, is not actionable. *Jackman* v. *Arlington Mills*, 137 Mass. 277, 283. Again, so far as appears, all the damage to the plaintiff, if any, was the necessary consequence of the laying out of the streets and ways from which the surface drainage came. If so, and if the statutes impose a greater liability than the common law for this damage, when so caused, (*Woodbury* v. *Beverly*, 153 Mass. 245,) the only remedy is under the statute. *Flagg* v. *Worcester*, 13 Gray, 601, 603. *Wheeler* v. *Worcester*, 10 Allen, 591, 603. *Collins* v. *Waltham*, 151 Mass. 196, 198.

*Bill dismissed.*

*S. H. Dudley*, for the plaintiff.
*W. S. Slocum*, for the defendant.