MARY A. HOLLERAN *vs.* CITY OF BOSTON.
MARGARET L. KELLY, executrix, *vs.* SAME.

Suffolk.   January 12, 1900. — May 16, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Park Commissioners — Action — Damages — Surface Water — Discharge
of Contents of Drain — Statute.*

The remedy for damages to property for changes in the flow of surface water
caused by certain acts of the park commissioners of the city of Boston and of
the city itself, and also for discharging the contents of an old cellar drain from
a building within the park limits, is under St. 1875, c. 185, and not by an action
of tort.

TWO ACTIONS OF TORT, for damages to the plaintiffs' proper-
ties.   The writ in the first case was dated July 5, 1894, and in
the second case July 7, 1894.   At the trial in the Superior
Court, before *Aiken,* J., the plaintiffs offered evidence tending
to prove that in 1891 the park commissioners made substantial
changes in the natural surface of Franklin Park in the vicinity
of Glen Way, upon which street the plaintiffs' properties abutted,
building artificial embankments and roadways, and changing the
natural grade substantially within the park limits; that these
changes increased the watershed which theretofore had dis-
charged into a small natural watercourse, which had its origin
in a swamp hole or small pond within the limits of the park,
and which stream had discharged for many years under Blue
Hill Avenue through a culvert which had been there for many
years before the time in question; that the water which was
discharged through the culvert before the defendant made the
changes in Franklin Park flowed down in a small natural water-
course near to the properties of the plaintiffs, but before the
time complained of had caused them no damage; that some time
before the date of the writs, about 1891 or 1892, the city con-
structed in Blue Hill Avenue, a public way, two catch basins,
which were connected with each other by an eight or ten inch
pipe, both of which were connected by the city by a similar pipe
with the culvert already spoken of; that at certain seasons of

the year the discharge of surface water from the street and from the Franklin Park territory was so great that, when discharged through the catch basins into the old culvert, the water overflowed the natural banks of the small stream below Blue Hill Avenue, and flowed on to their lands; that an old cellar drain which came from the so called Gleason house, within the park limits, discharged its contents so near Blue Hill Avenue ·that the drainage from it, in part at least, was discharged into the catch basins before mentioned, and from there into the old culvert; and that the discharge from the Gleason drain into the culvert was in consequence of the alteration made in the surface of Franklin Park by the park commissioners.

They also offered evidence tending to prove that no action was taken by the city under St. 1873, c. 205, with reference to the use of the culvert or watercourse before mentioned.

Upon this offer of proof the judge directed the jury to return a verdict for the defendant in each case; and the plaintiffs alleged exceptions.

*G. R. Swasey,* for the plaintiffs.

*S. M. Child,* for the defendant.

HAMMOND, J.   The plaintiffs in these actions of tort seek to hold the defendant answerable in damages for changes in the flow of surface water caused by certain acts of the park commissioners and of the defendant, and also for discharging the contents of an old cellar drain from the Gleason house within the park limits.

1. As to the changes caused by the park commissioners. Under St. 1875, c. 185, § 3, these commissioners are authorized to take land in fee for park purposes, and to lay out and improve the same; and by the fifth section a remedy· is given to all persons who sustain damages by the taking of land or "by other acts" of the commissioners.

There is nothing in the evidence offered by the plaintiffs to warrant a finding that, in making the changes within the park, the commissioners exceeded their authority.   It is therefore too plain for discussion that the remedy for damages thus· caused is by proceedings under the statute and not by an action of tort. As to the drainage of the house, it does not appear that such drainage appreciably affected the quantity or quality of the water in

the brook.   See *Bainard* v. *Newton,* 154 Mass. 255, and cases cited.

2. As to the disposition of the surface water by changes within the limits of the highway.   The drains and catch-basins were for the purpose of aiding in removing the surface water from the highway, and there is nothing in the evidence offered by the plaintiffs to show that they were not properly constructed.

It is well settled in this Commonwealth that, if a town in the performance of its duty to keep a highway safe and convenient for travel diverts the surface water upon the neighboring land, it is not answerable in tort; and this is the rule even where the water is gathered into artificial channels before passing from the highway or where it is drained into a watercourse.   The remedy is under the statute.   *Flagg* v. *Worcester,* 13 Gray, 601.   *Turner* v. *Dartmouth,* 13 Allen, 291.   *Kennison* v. *Beverly,* 146 Mass. 467, and cases cited.

We are of the opinion that these cases are governed by the principles above declared, and that they are clearly distinguishable from *Emery* v. *Lowell,* 104 Mass. 13; *Boston Rolling Mills* v. *Cambridge,* 117 Mass. 396; *Manning* v. *Lowell,* 130 Mass. 21; *Bates* v. *Westborough,* 151 Mass. 174, and other similar cases upon which the plaintiffs rely.               *Exceptions overruled.*