FISKE WHARF AND WAREHOUSE COMPANY *vs.* CITY
OF BOSTON.

Suffolk.    March 13, 1901. — April 13, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

The provision for a petition for damages in § 5 of St. 1875, c. 185, creating the
board of park commissioners of Boston, applies only to cases where property is
taken under the right of eminent domain and is no defence to an action of tort
against the city of Boston for injury to a dock caused by water-logged portions
of an old wharf removed by the board of park commissioners being allowed to
drift into and sink in the plaintiff's dock.

TORT, with a count in contract, to recover for injury to the
plaintiff's dock in ward six in Boston alleged to have been caused
by the negligence of the defendant's agents and servants while
constructing a recreation pier in that ward under St. 1893, c. 282.
Writ dated June 15, 1899.

At the hearing in the Superior Court upon agreed facts, judg-
ment was ordered for the plaintiff, and the defendant appealed.
From the agreed facts the following appeared :

The plaintiff was and is the owner of Fiske's Wharf between
Commercial Street in Boston and the harbor commissioners' line
and of a dock lying on each side of that wharf.

In December, 1894, the board of park commissioners of Bos-
ton, under St. 1893, c. 282, took for the purposes of a public
park the wharf, dock and other property situated next on the
north and west and adjoining the property of the plaintiff.
During the years 1896 and 1897 the park commissioners re-
moved the wharf structure on the property so taken, formerly
known as Comey's Wharf, and in its place built a wharf or
structure now known as the North End Recreation Pier, ex-
tending the line of this wharf or pier about thirty feet south of
the line of the original wharf, and abutting for its full length of
about five hundred and seventy feet upon the line of the plain-
tiff's dock.

During the progress of the removal of Comey's Wharf and
the building of the present pier, the plaintiff protested to the
park commissioners against the dumping of materials from the

old wharf and pile butts or ends and braces from the new pier into the plaintiff's dock, where by the force of the current running in a southerly direction and by the slope of the dock they would be carried to the side of the dock next to the plaintiff's wharf.

Between July, 1897, and January, 1899, the plaintiff made claim to the park commissioners that its dock on the northwesterly side of its wharf was obstructed through the presence of pile butts and braces from the wharf constructed in 1896, and timbers, piles and other material from Comey's Wharf, and that it was, therefore, unserviceable to the plaintiff in carrying on its business of wharfinger and warehouseman on account of the injury which vessels might sustain through the presence of the butts, timbers and other material in its dock, and that the obstructions accumulated there through the negligence of the park commissioners.

On January 9, 1899, the plaintiff received the following letter from Charles E. Stratton, Esquire, chairman of the board of park commissioners:

" In regard to your claim that pile stubs are in your dock which were placed there by this Department, I am instructed by our Board to say that the evidence presented to us does not satisfy us that there are any pile stubs in your dock chargeable to this Department. Dredging the dock, I presume, is the only way to settle this question, and if this discloses pile stubs which came from our premises, we will pay you proper compensation for the cost of their removal:"

To which the following reply, dated January 23, 1899, was sent:

" Yours of the 9th inst. duly received, and in accordance therewith we have arranged with the Eastern Dredging Company to clean out the dock in question. Were it not that we fear — and with reason, as we believe — the presence in the dock of pile butts and other material which came from your premises, it would not be necessary for us to dredge it, but of course, if it shall prove that our fears were groundless, we cannot expect to hold you responsible for them. The Dredging Company have agreed to begin work the last of this week, if possible, but not later than Monday next."

The dredging company completed their work of dredging obstructions from the dock on February 10, leaving the dock the same depth as before the acts done by the defendant, an inspector employed by the park commissioners being present while the work was going on, and on February 20 presented a bill of $1,512 for dredging and towing material to sea dump. This bill was paid by the plaintiff and forwarded to the park commissioners.

On March 16, the following was received by the plaintiff:

" City of Boston, Board of Commissioners of the Department of Parks, Jamaica Plain, Mass., March 16, 1899. Mr. John L. Nichols, Pres. Fiske Wharf & Warehouse Co., 15 Doane Street, Boston. Dear Sir, I enclose the report of our Superintendent to us on the subject of the bill paid by you for dredging your dock and the annexed report of our Engineer. We shall be glad to act in accordance with his recommendation. Very truly yours, Charles E. Stratton, Chairman." Enclosed was the following:

" City of Boston, Board of Commissioners of the Department of Parks, Jamaica Plain, Mass., March 15, 1899. Charles E. Stratton, Esq., Chairman. Dear Sir, Regarding the letter of the Fiske Wharf Company of February 20, and referred to me for report, I would say that one of our engineering force was detailed to keep tally at the dredge, while the work of dredging was going on. He was instructed to pay close attention to the matter, and his report, which is hereto attached, is very exact in detail, — to quote his words: ' The old and rotten piles and the oak timber could not have come from the Park pier, as it was built in 1896, and no oak timber was used in its construction. The other seven pieces may have come from the Park pier or from the Fiske Wharf, as oak piles were used in the construction of both; but they were all found on the wharf side of the dock.' On this showing, I do not see sufficient grounds for recommending the payment, by this Department, of any part of the bill of the Eastern Dredging Company. With regard to an examination for, or removal of, any pile butts that may be found. alongside or under the Park Department's dock, I would recommend that an appropriation of fifty dollars be made by this department to be expended for this purpose, under the direction of the Fiske Wharf Company. Respectfully submitted, J. A. Pettigrew, Superintendent."

[The report of the engineer referred to above was also enclosed.]

In accordance with the suggestions contained in the letter of March 16, signed " Charles E. Stratton, Chairman," and the correspondence submitted therewith, and after notice to the park commissioners, the plaintiff employed a diver to remove from its dock the obstructions still remaining, notifying the defendant at the time the work was done, and an inspector employed by the park commissioners was present while the work was going on. Some twenty pieces of material, consisting of pile butts and other substances which would render dangerous the use of the dock by vessels, were removed by the diver, for whose services $87.50 were paid by the plaintiff.

For the purposes of this action it was agreed that the plan as laid out by the park commissioners for the construction of the pier was proper. It was also agreed that the pile butts found in the dock were the tops of piles used in the construction of the pier, and that the pieces of oak piles and timber enumerated in the letter of the engineer were part of the old Comey's Wharf removed by the commissioners. It was also agreed, that the removal of these obstructions was necessary to the use of its dock by the plaintiff, that the removal was made in a proper manner and that the work of dredging and that performed by the diver would not have been necessary had it not been for the presence of pile butts and other obstructions through the acts of the park commissioners.

All of the work of constructing the pier was done by one McInnis under a written contract made by and between McInnis and the city of Boston by its board of park commissioners, in accordance with the provisions of St. 1890, c. 418. No notice of this contract was given to the plaintiff until after the bringing of this action.

It was agreed that if, from the facts stated, the court should be of opinion that the defendant was liable to the plaintiff in this action, judgment should be entered for the plaintiff in the sum of $1,599.50 and interest from February 20, 1899; otherwise, judgment should be for the defendant.

*S. M. Child,* for the defendant.

*H. F. Strout,* for the plaintiff.

LORING, J.   We understand that it is agreed by the parties that the old wharf was removed by the board of park commissioners of the defendant city, and that the construction of the new pier only was done by an independent contractor.   It is further " agreed that if, from the facts herein stated, the court should be of the opinion that the defendant is liable to the plaintiff in this action, judgment shall be entered for the plaintiff in the sum of fifteen hundred and ninety-nine dollars and fifty cents ($1,599.50) and interest from February 20, 1899."

It is plain that on the facts agreed the defendant city could be found to be liable for injury to the plaintiff's dock, caused by water-logged timber and piles, part of the old wharf, being allowed to drift into, and to the bottom of, the plaintiff's dock.   The only defence set up by the city to this claim is that the plaintiff's remedy for that injury is not an action of tort but a petition for damages under St. 1875, c. 185, § 5. There is nothing in that; that section applies only to cases where damages are caused as part of the taking of land under the power of eminent domain, as in *Holleran* v. *Boston,* 176 Mass. 75.

As it is agreed that judgment shall be entered for the plaintiff in the sum of $1,599.50, if any liability is disclosed on the part of the defendant, it is immaterial that some of the piles and timber in the bottom of the plaintiff's dock came from the construction of the new pier by an independent contractor for whose acts the defendant was not liable.

*Judgment affirmed.*