Rose D. Dupuis & another vs. City of Fall River.

Bristol.    October 25, 1915. — March 1, 1916.

Present: Rugg, C. J., Loring, Crosby, Pierce, & Carroll, JJ.

*Municipal Corporations*, Officers and agents.  *Public Officers.  Equity Jurisdiction*, To restrain a city from causing water to overflow from a highway on land of the plaintiff.

One whose land is damaged by water overflowing upon it from a highway in a city by reason of the arrangements made by the surveyor of highways of the city for the disposal of surface water at a street junction adjoining the land, cannot maintain a suit in equity against the city for an injunction or for damages.

The surveyor of highways of a city, who also is its superintendent of streets, in constructing a system of underground drains and catch basins for the purpose of disposing of surface water collecting upon the streets of the city in order to keep such streets reasonably safe and convenient for travel, is a public officer discharging a public duty and is not the agent of the city.  Following *Smith* v. *Gloucester*, 201 Mass. 329.

Bill in equity, filed in the Superior Court on December 18, 1912, by Rose D. Dupuis and the Grocer's Supply Company, Ltd., a corporation, against the city of Fall River, seeking an injunction restraining the defendant from maintaining a system of sand catchers and drain pipes to divert, or from diverting in any other way, surface water from its natural course in Eastern Avenue and other streets in that city over and upon the premises of the plaintiffs, and praying also for damages arising from the alleged unlawful diversion of such surface water.

In the Superior Court the case was heard by *White*, J., upon a master's report.  The material facts found by the master are stated in the opinion.

The judge made a final decree confirming the master's report and ordering that the bill be dismissed.  The plaintiffs appealed.

The case was submitted on briefs.

*A. S. Phillips & T. C. Crowther*, for the plaintiffs.

*G. Grime*, for the defendant.

Rugg, C. J.  This is a suit in equity whereby the plaintiffs seek to restrain the defendant from causing water to overflow from a highway upon their premises, and for damages.  The material facts have been found by a master, as follows: The plain-

·tiffs' premises are located on Eastern Avenue near its junction with Pleasant Street in Fall River. A natural brook drained a swamp and crossed Eastern Avenue at a place distant several hundred feet from Pleasant Street, and flowed into a pond. More than twenty years before this suit was brought that brook was filled and a pipe laid across Eastern Avenue in the general direction of the former course of the brook, to connect ultimately at a considerable distance with a plank drain in another street. The city of Fall River furnished part of the material and the work for putting in this pipe. It is, perhaps, inferable that a part of this pipe lies outside the limits of Eastern Avenue, though this is not clear on the record. A considerable part of the swamp has been filled and devoted to buildings and streets. The "outlet drain from this . . . swamp has been allowed to fill up so that a large quantity of water finds its way from" the swamp on to Eastern Avenue, in which it flows, by reason of changes in grade, to its junction with Pleasant Street, a point outside its original natural water shed, whereby the volume of water at this place is increased. This water formerly drained into the natural brook "at the location where the city constructed a plank drain and laid its connecting pipes, which . . . drain and pipes have since become stopped up by alluvial deposits." This plank drain seems to have been the one before mentioned, at a considerable distance from Eastern Avenue, in another street. A quantity of surface water also collects at this point, from other streets. "Not in the nature of the laying out of a street or of specific repairs thereon, but solely for the purpose of relieving the congestion of water (in times of heavy rain) at the junction of Eastern Avenue and Pleasant Street, the city has constructed a system of underground pipes and piping connected with sand catchers," which collects the water from two corners and the centre of the square made by the junction of these two streets and brings it to the surface again on Eastern Avenue, so that a larger volume of water than is natural discharges and flows along and over Eastern Avenue adjacent to the plaintiffs' premises. Nevertheless, the ordinary flow of all the water would not be sufficient in volume and force to flood the plaintiffs' land and premises, were it not for the construction of these pipes at the junction of the street and avenue. The construction and maintenance of "the system of underground pipes and piping connected with

sand-catchers" at this street junction is "the largest contributing factor to the extra amount of surface rain water which, in times of heavy rain, runs on to the plaintiffs' property." This system was constructed, without any vote by the board of aldermen or of the city council, by the surveyor of highways of the defendant city, who was also the superintendent of streets.

On these facts, no liability on the part of the city is established. The proximate efficient cause of the injury sustained by the plaintiffs is the construction of the system of underground drains and "sand-catchers," which appear to be a kind of catch basin. This work was not done by order of the city or any of its authorized agents. It was done by the surveyor of highways in the performance of his ordinary duty of keeping the streets and ways reasonably safe and convenient for travel. Such work done by that officer is not in law the act of the city. He is a public officer discharging a public duty. He is not the agent of the city. His negligence is not the negligence of the city. The circumstance that he also is referred to as the superintendent of highways, without facts indicating that he is the servant of the city, such as were shown, for example, in *Butman* v. *Newton,* 179 Mass. 1, does not constitute him anything more than or different from a surveyor of highways, and hence a public officer and not a municipal agent. This field of legal responsibility is discussed at large, with ample review of the authorities, in *Smith* v. *Gloucester,* 201 Mass. 329. It is not necessary to do more than refer to that decision, which is controlling of the present. See, also, *Hathaway* v. *Everett,* 205 Mass. 246; *Donohue* v. *Newburyport,* 211 Mass. 561, 565; *Flagg* v. *Worcester,* 13 Gray, 601; *Holleran* v. *Boston,* 176 Mass. 75; *MacGinnis* v. *Marlborough-Hudson Gas Co.* 220 Mass. 575. The fact that, by the establishment of the grades of several streets, a greater volume of surface water collected at the junction of these two streets, is not of consequence. Other means are provided for the recovery of property damage sustained from that cause. *Woodbury* v. *Beverly,* 153 Mass. 245.

It is not necessary now to consider or decide what may be the liability, if any, of a city or town to one sustaining an injury directly resulting from the failure of its highway surveyor to keep open and clear from obstruction a passage for a brook or other natural water course under a highway laid out and constructed by public officers

and not by private agents.  As to this point, see *Lawrence* v. *Fairhaven,* 5 Gray, 110, and *Parker* v. *Lowell,* 11 Gray, 353, in the light of *Johnson* v. *Somerville,* 195 Mass. 370, 376, 382, and *Bates* v. *Westborough,* 151 Mass. 174, as interpreted in *Smith* v. *Gloucester,* 201 Mass. 329, 335, 336.  See, also, *Stanchfield* v. *Newton,* 142 Mass. 110, and 28 Harvard Law Review, 478, 482.  In the case at bar, it is manifest on the master's report that the clogging of the "plank drain" and the "pipe" under Eastern Avenue where the natural water course flowed, was not a direct and proximate cause of the plaintiffs' injury.  The real cause was the nature of the arrangements made at the street junction for the disposal of surface water.  Moreover, it is not made clear by the report that the pipe by which the waters of the brook were conducted under Eastern Avenue was the property or under the exclusive control of the defendant, although possibly this may be inferred.

There is nothing to indicate that there is any sewer or main drain, or work authorized by special statute, involved in the causation of the plaintiffs' injury.  Therefore, cases like *Proprietors of Locks & Canals* v. *Lowell,* 7 Gray, 223, *Haskell* v. *New Bedford,* 108 Mass. 208, *Brayton* v. *Fall River,* 113 Mass. 218, *Nevins* v. *Fitchburg,* 174 Mass. 545, *Westcott* v. *Boston,* 186 Mass. 540, and *Diamond* v. *North Attleborough,* 219 Mass. 587, have no relevancy.

*Decree dismissing bill affirmed with costs.*