ALICE L. BLAISDELL *vs.* INHABITANTS OF STONEHAM.

Middlesex.    January 7, 1918. — March 2, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Municipal Corporations.   Public Officer.   Watercourse.*

Where the superintendent of streets of a town, having under R. L. c. 25, §§ 85, 86, the powers and duties of surveyors of highways, for the purpose of diverting surface water from a public street into a culvert, without any vote of the town on the subject, placed in the street catch basins and gratings, which by the diversion of the surface water into the culvert caused a brook, that was a natural watercourse, to overflow upon the land of a private owner and injure his property, such landowner has no remedy against the town, because the superintendent of streets in diverting the surface water to make the street reasonably safe and convenient for travel was performing his duties as a public officer and was not acting as an agent, officer or employee of the town.

TORT against the town of Stoneham for the alleged unlawful flooding of the plaintiff's land on Waverly Street in that town. Writ dated August 19, 1914.

In the Superior Court the case was tried before *Fessenden,* J. The material facts shown by the evidence are stated in the opinion. The bill of exceptions contained the following statement: "It was agreed that the original basins, which caused the damage complained of, were put in by the town in or about the year 1907

although no vote specifically authorizing their installation appears in the town records."

At the close of the evidence the judge made the following statement:

"No question is made that Mr. Sprague in 1891 was superintendent of streets appointed by the selectmen. No question is made that there was a superintendent of streets appointed by the board of public works, created by St. 1902, c. 263, who succeeded to the rights, duties and liabilities of the selectmen in the matter of highways and drains, so whether this grating was put in in eighteen ninety-one or nineteen hundred and seven, that it . was done by the superintendent of streets either in repairing or caring for the streets."

The judge ordered a verdict for the defendant, but first permitted the jury to assess the damages in case the plaintiff was entitled to go to the jury. The jury assessed such damages in the sum of $300, and then by order of the judge returned a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the plaintiff.

*H. H. Richardson,* for the defendant.

CARROLL, J. The plaintiff is the owner of real estate on the westerly side of Waverly Street in Stoneham. High Street is north of the plaintiff's land. To the north and east of her property there is a rising grade for a distance of one half to three quarters of a mile; and a brook, flowing in a westerly direction through the lands of various owners into a culvert under Waverly Street, enters the plaintiff's premises. Originally, the street drainage from Waverly and High Streets was carried through gutters on both sides of Waverly Street past the plaintiff's estate to another brook on Elm Street. In 1907 openings were made in the culvert through which the brook flows under Waverly Street and iron gratings were placed in the gutters which turned the water into the culvert. This action is for damages caused by the diversion of the surface water causing the brook to overflow its banks, fill up the pond on the plaintiff's land and in other ways injure her property.

We must assume from the agreed statement of facts and the evidence, that the work of opening the culvert and placing the

catch basins or gratings, was done by, or, by the authority of, the board of public works of Stoneham (St. 1902, c. 263); which board had the care of highways, drains and catch basins, with the powers and duties of surveyors of highways. R. L. c. 25, §§ 85, 86.

An officer charged with the duties of a surveyor of highways is a public officer, and not an agent of the town. In diverting the surface water from Waverly Street into the culvert, he was doing a public work and was in the performance of his duty in keeping the street reasonably safe and convenient for travel. He was not an agent, employee or officer of the town in doing this work, the relation of principal and agent did not exist between him and the defendant, — he was executing a public duty as a public officer, — and for his acts the town is not responsible. *Dupuis* v. *Fall River*, 223 Mass. 73, and cases cited.

An action of tort at common law will not lie against a city or town for diverting the surface water from its streets in order to keep them safe, and causing it to flow upon adjoining premises, even when the surface water is drained into a culvert or watercourse. The remedy is under the statute. R. L. c. 51, § 15, now St. 1917, c. 344, Part IV, § 21. *Woodbury* v. *Beverly*, 153 Mass. 245. *Brainard* v. *Newton*, 154 Mass. 255. *Holleran* v. *Boston*, 176 Mass. 75.

It does not appear that the town ever took any action with respect to the gutters, the culvert or the catch-basins; and no vote specifically authorizing their installation appears in the town records. See *Smith* v. *Gloucester*, 201 Mass. 329; *Dupuis* v. *Fall River, supra; Lead Line Iron Pipe Co.* v. *Wakefield*, 223 Mass. 485; *Bolster* v. *Lawrence*, 225 Mass. 387, 389, 390. The town did not assume to perform the work by means of its agents, as in *Waldron* v. *Haverhill*, 143 Mass. 582, *Butman* v. *Newton*, 179 Mass. 1, and the construction of the gutter and catch basins for the drainage of surface water into the brook, did not make it a sewer or drain under R. L. c. 49. Cases like *Bates* v. *Westborough*, 151 Mass. 174, and *Diamond* v. *North Attleborough*, 219 Mass. 587, are not applicable.

According to the terms of the report, judgment is to be entered for the defendant.

*So ordered.*