GERTRUDE A. BLAIR *vs.* CITY OF BROCKTON.

Plymouth. October 18, 1920. — November 30, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction*, To enjoin trespass. *Municipal Corporations*, Drainage. Drain. Water Rights.

A suit in equity cannot be maintained to enjoin a city from draining water by a twelve inch pipe from a public way and through an artificial open ditch across land of a third person and land of the plaintiff to a six inch pipe under a private way which discharged beyond the plaintiff's land, although the result of such method of draining is to cause water to overflow upon the plaintiff's land, where the ditch was dug many years after the twelve inch pipe was laid and it does not appear that the city caused it to be dug or the six inch pipe to be laid or ever maintained or recognized either as a means of drainage or otherwise.

BILL IN EQUITY, filed in the Superior Court on January 7, 1918, seeking to restrain the defendant from draining water from Woodland Avenue, a public highway bounding land of one Hammond, across land of Hammond and of the plaintiff in such a way that surplus water overflowed and flooded land of the plaintiff, and for damages.

In the Superior Court the suit was referred to a master. Findings of the master are described in the opinion. The suit was heard by *McLaughlin,* J., upon the pleadings, the master's report, exceptions by the plaintiff thereto and motions to confirm the report and for a decree, and by his order a decree was entered that a mandatory injunction issue enjoining the defendant from discharging water from the catch basin in Woodland Avenue into the drain pipe running from that catch basin to land of one Hammond and from collecting the drainage of Woodland Avenue by means of the catch basin and allowing it to be carried through the drain pipe to Hammond's lot in such manner that it would overflow and flood the land of the plaintiff; and that the defendant pay the plaintiff the sum of $400 damages and costs of suit and that execution issue therefor. The defendant appealed.

The case was submitted on briefs.

*W. M. Wilbar,* for the defendant.

*R. T. Anthony,* for the plaintiff.

CROSBY, J. This is a bill brought to enjoin the defendant city from causing water to be drained from a highway upon the plaintiff's land, and for damages. The case was referred to a master and as the evidence is not reported his findings of fact are final.

The plaintiff is the owner of a lot of land with a dwelling house thereon situated on the northerly side of Manners Avenue, a private way in the city of Brockton. North of this lot on the south side of Woodland Avenue is a large tract of land owned by one Hammond. Woodland Avenue is a public way, the south line of which is about two hundred and eighty feet north of the plaintiff's line. The northerly part of the plaintiff's lot is the lowest point in a watershed having an area of thirty-one acres to the north of Manners Avenue, and under natural conditions, were it not for a slight ridge along the plaintiff's northerly boundary line, would take the water from the northerly and northeasterly portions of this area. Woodland Avenue was laid out by the de-

fendant city as a public way on July 17, 1891, at substantially the same grade as it had previously existed as a private way, and at the same time a catch basin for collecting surface water was constructed on the northerly side of the avenue, from which a twelve inch pipe extends under the street to its south line and thence about forty feet into the land of Hammond; through this pipe surface water flows from the catch basin on to Hammond's land, and discharges into an artificial open ditch which extends through Hammond's land to its southerly boundary line and finally over a part of the plaintiff's land to Manners Avenue; here, a six inch pipe is laid from the ditch, under the avenue to a point about eighty feet southerly of the south line thereof where it comes to the surface. During heavy rains the water coming from Woodland Avenue and flowing through the pipe on Hammond's land, together with water from other smaller ditches on his land, runs through the main ditch to the plaintiff's land, and being unable to pass off through the six inch pipe, overflows her land.

The master also found the following facts: that Woodland Avenue is properly drained; that the discharge of surface water on Hammond's land from the catch basin is an incident to the layout of the avenue; that no larger quantity of surface water is collected than before the layout, although it is discharged more rapidly than before; that the water so discharged is a remote, and not a proximate cause of the damage to the plaintiff; that were it not for the ditch no water would come to the plaintiff's land from Woodland Avenue; that the ditch was dug by some one for the purpose of getting rid of surface water accumulating on the land now owned by Hammond and was dug within twelve years previous to the filing of his report, September 3, 1918; that Hammond is the only person who has ever worked on the ditch as shown by the evidence, and that the defendant is not responsible for it; that it did not appear who laid the six inch pipe under Manners Avenue, that there was no evidence that the defendant laid that pipe or dug or caused to be dug the ditch or ever maintained or recognized either as a means of drainage or otherwise.

Upon these findings, it is plain that the acts of the defendant in constructing the catch basin and laying the twelve inch pipe therefrom on to the Hammond land were not the proximate effi-

cient cause of the surface water overflowing the plaintiff's land, but that the digging of the ditch and the accumulation of water therein, together with the smallness of the six inch pipe, for which the city is in no way responsible, have caused the land of the plaintiff to be overflowed. The master expressly found that were it not for the ditch no water would come to the plaintiff's land. Upon these findings the defendant is not liable for the injuries which the plaintiff has sustained. *Dupuis* v. *Fall River,* 223 Mass. 73. *McMahon* v. *Holyoke,* 226 Mass. 450.

It is unnecessary to consider or decide whether the defendant would have been liable if it had caused the water which finally was discharged on the land of the plaintiff to be discharged from the twelve inch pipe into the ditch.

The trial judge, upon the findings of the master, found that by reason of the laying of the twelve inch pipe, "the volume of water carried in a given space of time exceeded that which otherwise would have been carried in the same space of time, and the plaintiff's land suffered in consequence materially greater damage than it would were it not for this method of construction . . . and that the defendant city had no right to lay said pipe through the land of Hammond for the purpose of conducting the water and discharging it into the open ditch at the end of the pipe and thence upon the plaintiff's land, and that the plaintiff is entitled to damages."

This conclusion overlooks the fact as found by the master that the ditch was not in existence when the city laid the pipe which discharged the water from the catch basin on to the land of Hammond, but was dug many years later. Until that occurred no water from Hammond's land would flow on to that of the plaintiff. Accordingly the case of *Daley* v. *Watertown,* 192 Mass. 116, is not applicable to the facts as found in the case at bar.

Although the plaintiff's exceptions to the master's report technically are not before us, we have nevertheless considered them to the extent of determining that there is no merit in any of them affecting the final disposition of the case.

The decree is reversed, and a decree is to be entered dismissing the bill. St. 1913, c. 716.

*So ordered.*