EARL SHERMAN *vs.* TOWN OF SWANSEA.

DAVID SHERMAN *vs.* SAME.

Bristol.    October 24, 1927.— November 23, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Superintendent of Streets. Public Officer. Municipal Corporations*, Officers and agents.

One appointed superintendent of streets under G. L. c. 41, § 66, by selectmen of a town which had not elected a surveyor of highways or a road commissioner, by § 68 of that chapter is a public officer and the town is not liable to one suffering personal injuries due to negligence of an employee of the town acting under the superintendent in the use and care of dynamite caps which were under the care and control of the superintendent in the repair of a road.

TWO ACTIONS OF TORT, the first by a minor for personal injuries, and the second by the minor's father for consequential damages. Writ in the first action in the Superior Court dated February 8, 1923, and in the second action in the Second District Court of Bristol dated October 20, 1926.

Upon removal of the second action to the Superior Court, the two actions were tried together before *Walsh*, J. Material evidence is described in the opinion. In the first action there was a verdict for the plaintiff in the sum of $5,000 and in the second action a verdict for the plaintiff in the sum of $70. Upon the return but before the recording of the verdicts, the judge under G. L. c. 231, § 120, reserved leave to enter verdicts for the defendant, and afterwards did so and reported the actions to this court for determination.

*H. W. Radovsky, (D. R. Radovsky* with him,) for the plaintiffs.

*B. Morton*, for the defendant.

CROSBY, J.   The first action is brought by the father of a minor, as next friend, to recover for injuries received by him when a dynamite cap exploded.   The second is to recover for medical expenses incurred by the father in the treatment of the minor.

Before the date of the accident the defendant town had used dynamite caps to blast rocks, in repairing highways. The caps were kept in a box, and there was evidence that on the day before the accident the box was placed on the ground by the defendant's employees near a telegraph pole, opposite the plaintiff's house and about thirty feet distant therefrom; that from this box caps were taken for blasting on a road that was being repaired; that, after the box was taken away at the end of the day, the minor plaintiff found one of these caps near the telegraph pole, and the next day, while attempting to put it on a pencil, it exploded, seriously injuring him.

It was agreed at the trial that no surveyor of highways or road commissioner had been elected in the town.   Accordingly, in conformity with the duty imposed upon the selectmen by G. L. c. 41, § 66, they duly appointed one Silas Pierce superintendent of streets about two weeks after a vote had been passed by the town to repair the highway upon which the work was being done at the time the plaintiff was injured. It was agreed that the work of repairing the road was done under the sole direction and supervision of the superintendent of streets.

There was evidence that when the caps were used they were handled by one Martin, one of the defendant's employees, who had received instructions from the superintendent never to put the box on the ground because it was dangerous.

G. L. c. 41, § 68, provides that "The superintendent of streets shall, under the direction of the selectmen, have full charge of all repairs and labor upon public ways and sidewalks . . . and in relation to such matters he shall have the powers, perform the duties and be subject to the liabilities and penalties of surveyors of highways and road commissioners."

It has repeatedly been decided by this court that surveyors

of highways are public officers whose powers and duties are defined by statute; that in the discharge of those duties they act as public officers; and that they are wholly independent of towns and cannot be considered their servants or agents. *Hafford* v. *New Bedford*, 16 Gray, 297, 302. *Walcott* v. *Swampscott*, 1 Allen, 101. *Pratt* v. *Weymouth*, 147 Mass. 245, 254. *Dupuis* v. *Fall River*, 223 Mass. 73. *Lead Lined Iron Pipe Co.* v. *Wakefield*, 223 Mass. 485, 488. *Blaisdell* v. *Stoneham*, 229 Mass. 563.

The record shows that, whatever use was made of dynamite in the repair of the roads, it was under the care and control of the superintendent of streets, who acted as a public officer and can in no sense be held a servant or agent of the town. *Lead Lined Iron Pipe Co.* v. *Wakefield, supra.* As to the acts and conduct of the superintendent of streets the maxim of *respondeat superior* is not applicable. *Moynihan* v. *Todd*, 188 Mass. 301, 304, 305.

It follows that the actions cannot be maintained. In accordance with the terms of the report, judgment is to be entered for the defendant in each case.

*So ordered.*