Morton, J.
This is an action of tort to recover damages for personal injuries resulting from being struck by an automobile operated by an employee of the Paving Division of the Department of Public Works of the defendant. The report does not state what the answer was. The case was originally brought by one Hyman Gordon, the party who suffered the injuries complained of. Gordon died after the suit was brought, and a suggestion of his death, together with a motion to allow the administratrix of his estate to *22 prosecute the action, was filed.. This motion was subsequently allowed, and this plaintiff substituted for the original plaintiff.
This ease has been fully tried twice upon the merits. At the first trial, which was held before the original plaintiff died, the court found for the defendant principally, if not wholly, upon the ground that the negligence of the then plaintiff contributed to the accident.- The court denied a request for ruling filed by the plaintiff to the effect that the defendant had not supported the burden of proof resting upon it to maintain the affirmative defense of contributory negligence. Upon report to this court it was decided that there was prejudicial error in the denial of this request and in consequence thereof a decision and order was entered vacating the finding for the defendant and ordering a new trial. From this decision and order the plaintiff duly claimed an appeal to the Supreme Judicial Court, which appeal is now pending. Pending a second trial of the cause, the plaintiff filed a motion to recommit the report, and a motion to vacate the order for a new trial. These motions were both denied, by this court. The plaintiff appealed from the denial of his motion to vacate, and this appeal is also now pending before the Supreme Judicial Court.
A new trial was held in compliance with the order of this court, and at that time the plaintiff filed various motions to the effect that the new trial should be limited in its scope. In one of these motions the plaintiff refers to an agreement made between counsel and the court at the first trial, providing that, in the event that this court should decide that there was error in the original trial, “damages should be imposed for the plaintiff in the sum of $1200.00.” We cannot properly consider such an agreement because, even if otherwise effective, it was not referred to in the first report of this case.
*23 At the close of the second trial, the plaintiff duly filed numerous requests for rulings, to which it is unnecessary to refer to in detail, raising issues as to the effect of the decision and order heretofore made by this court, and the liability of the defendant, and as to the amount of damages.
If we correctly interpret the contention of the plaintiff arising from the motions above referred to and some of his requests for rulings, it is that the decision and order of this court limited the scope of the new trial to the imposition of damages in the amount named, and that if any evidence were to be received it should be evidence which was not, or could not have been, presented at the first trial.
We do not consider that the plaintiff contends that this court has not the power to order a complete new trial. We say this, in view of the statutory provision relative to the powers of Appellate Divisions in this respect, contained in section 108 of chapter 231 of the G. L. (Ter. Ed.) where it says:
“If the Appellate Division shall decide that there has been prejudicial error in the ruling complained of, it may reverse, vacate or modify the same or order a new trial in whole or in part;”
The contention of the plaintiff, as we interpret it, is without merit. An order, such as made in this case by this court, means that a new trial shall be held upon the merits without regard to the first trial or any proceedings taken therein. The case of Merrick v. Betts, 217 Mass. 502 is peculiarly applicable to the issue now under consideration. Two questions were submitted to the jury in that case, and upon appeal the Supreme Judicial Court, in its opinion, held that error was committed respecting only one of the two issues. By a general rescript exceptions were sustained but it contained no further' directions as to the course to be taken at the new trial. The trial court confined the new *24 trial to one issue. The Supreme Judicial Court, upon exceptions, held that so restricting the trial was error, and, with regard to this, says at page 502:
“Plainly it would have been within the power of this court to have restricted the new trial to the single issue as to which a mistake of law had been committed, provided it had decided that the real interests of the parties required such a course . . . But no such restrictive order was made in the rescript. The entry simply was ‘Exceptions sustained.’ This means as matter of practice that there shall be a wholly new trial upon all the issues open on the record. It does not vest in the trial court power to search through the former record and ascertain the issue as to which the mistake of law was committed and restrict the trial to that issue alone. Jurisdiction to determine whether such a course ought to be pursued in the interests of justice rests with this court alone in the exercise of its appellate powers. When it omits to make any restrictive order as to the scope of a new trial, the result of sustaining exceptions is to open the whole case for another trial. The effect is the same whether a general verdict was entered or issues were framed to be answered by the jury.
“Accordingly, it was error for the judge of the Superior Oourt to rule that the first issue alone was open at the second trial.”
In Cheney v. Boston & Maine Railroad, 246 Mass. 502, the court says at page 505:
“The order that exceptions are sustained means as matter of practice that there shall be a wholly new trial upon all issues made by the pleadings..... Pleadings might have been amended after rescript so as to make new issues, different from those presented at the first trial.”
In Woodworth v. Woodworth, 273 Mass. 402 a case cited by the plaintiff in support of Ms contention, the court says at page 407:
*25 “The words ‘decree reversed’ in a rescript in equity have in substance the same meaning as ‘exceptions sustained’ in an action at law. Those words standing* alone import a wholly new trial upon all the issues open on the pleadings.”
In view of the cases and statute above cited, it would appear that a wholly new trial would have been required even if the decision and order had simply been to vacate the finding for the defendant. The addition of the words “blew trial ordered’’ merely emphasizes what would have been the situation without those words. It appears, therefore that the trial court acted properly in denying the motions and requests for rulings above referred to, relative to the scope of the decision and order made by the Appellate Division ; in fact it would have been error on its part to have limited the new trial in any respect.
The first request of the plaintiff was as follows:
“1. The defendant was legally responsible for the operation of a motor vehicle as described in the plaintiff’s declaration.”
In support of this request the plaintiff cited Butman v. Newton, 179 Mass. 1. The report shows that the plaintiff was injured by an employee of the Department of Public Works of the City of Boston while in the performance of his duties as such. Although the report does not so state, it is to be presumed, in the absence of evidence to the contrary, that the Department of Public Works is vested, under the charter of the defendant city, with the duties of a surveyor of highways. It has repeatedly been held that a city or town is not liable for the tortious acts of its officers and servants in. connection with the performance of strictly public functions imposed by mandate of the Legislature. This applies to the performance of the duties of the office of surveyor of highways and the Department of Public *26 Works of a city. With regard to the liability of such surveyor the court in Dupuis v. Fall River, 223 Mass. 73 says at page 75:
‘ ‘ Such work done by that officer is not in law the act of the city. He is" a public officer discharging a public duty. He is not the agent of the city. His negligence is not the negligenve of the city.”
In Bolster v. Lawrence, 225 Mass. 387, Mr. Chief Justice Rugg has set forth in a comprehensive opinion the principles upon which a municipality may be held liable in tort. We quote from this opinion at pages 388 to 390, inclusive, as follows:
“The general principles of law by which claims for liability in tort against cities and towns must be determined are well established. The municipality, in the absence of special statute imposing liability, is not liable for the tortious acts of its officers and servants in connection with the gratuitous performance of strictly public functions, imposed by mandate of the Legislature or undertaken voluntarily by its permission, from which is derived no special corporate advantage, no pecuniary profit, and no enforced contribution from individuals particularly benefited by way of compensation for use or assessment for betterments.”
If a city or town by vote commits the performance of a public function to a person other than the one designated by the Legislature to perform such function, such city or town shall be liable for the tortious acts of the former. This was the situation in Butman v. Newton, 179 Mass. 1, cited by the plaintiff. With regard to that case, and another case in which similar action was taken by the municipality, the court says in Smith v. Gloucester, 201 Mass. 329, at page 333:
‘ ‘ These are cases where, . . ., it was decided that the ordinances of the defendant cities had taken certain work out of the hands of the officers elected to perform *27 the duties of the highway surveyor and had committed it to other persons as agents of the city.”
The request now under consideration was properly denied as the city was not responsible for the negligence of the employee which caused the injuries complained of.
The 10th request of the plaintiff relates to a question of damages and the disposition thereof is rendered immaterial in view of what we have said.
There was no prejudicial error in the conduct of the trial so far as disclosed by the report, and the motions and requests for rulings of the plaintiff were properly disposed of. In consequence thereof an order will be entered dismissing the report.