KAZIMIR J. WISHNEWSKY *vs.* TOWN OF SAUGUS
(and a companion case[1]).

Essex.    November 8, 1949. — January 4, 1950.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Res Judicata. Privity. Landlord and Tenant,* Privity. *Practice, Civil,* Appeal. *Municipal Corporations,* Liability for tort, Drainage, Officers and agents. *Drain.*

Appeals in an action at law from orders denying a motion to recommit the report of an auditor whose findings of fact were final and denying a motion for judgment on the report, not being from orders decisive of the case, brought nothing to this court and were dismissed.

A defendant is estopped to set up a defence presenting an issue, plainly raised and tried between the parties or their privies in an earlier action in which there was a judgment against him or so necessarily involved in the earlier action that the judgment therein could have been entered only on the ground that that issue was adjudicated against him.

A lessee of land, in an action against a town for damage caused by a flooding of the leased land caused by a highway drainage system, was, by privity with his lessor, entitled to rely, as conclusively establishing that the installation of the system was done by agents of the town rather than by public officers, upon a judgment in favor of his lessor in an action by him against the town for damage sustained in a previous flooding of the same premises because of the same system: the judgment in the lessor's action could have been entered only on the ground that the system was constructed by agents of the town.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated September 20, 1946.

The actions were heard together by *Sullivan,* J., upon an auditor's reports.

In this court the cases were submitted on briefs.

[1] The companion case is Dorothy E. Gratiano, administratrix, *vs.* Town of Saugus.

*G. J. Tauro*, for the plaintiffs.

*A. L. Hogan*, for the defendant.

RONAN, J. The first action is in tort by the owner of certain premises located in the defendant town to recover for damage which, he alleged, was caused in the fall of 1945 and the summer of 1946 by the action of the town in collecting surface water from its highways into a drain and discharging the water from this drain in such quantities into a natural watercourse or brook which bounded the plaintiff's land that it caused the brook to overflow and flood the land. Gratiano, the plaintiff in the second action, died after the commencement of the action, and his administratrix has been admitted to prosecute the action. We shall refer to the plaintiff in this second action as Gratiano. Gratiano seeks damages for the destruction in the fall of 1945 and the summer of 1946 of large quantities of flowers which he cultivated for the purpose of sale in the Boston flower market. These flowers were planted in certain portions of the land which Gratiano leased from Wishnewsky, the plaintiff in the first case. The cases were heard together by an auditor whose findings of fact were final. In the first case, the judge in the Superior Court ordered judgment to be entered for Wishnewsky and denied the defendant's motion that judgment be ordered for it. The only appeal by the defendant in that action is from the denial of this motion. The only appeal by Wishnewsky is from an order denying his motion to recommit the auditor's report. In the second case, the judge granted the defendant's motion for judgment in its favor, and Gratiano appealed from the allowance of that motion and also from the denial of his motion for judgment.

We consider the first case. The denial of Wishnewsky's motion to recommit and the denial of the defendant's motion for judgment were not appealable as neither was an "order decisive of the case." G. L. (Ter. Ed.) c. 231, § 96. Each of these appeals brings nothing to this court and both must therefore be dismissed. *Richmond Co-operative Association, Inc.* v. *Gill*, 285 Mass. 50, 53. *Lawrence*

v. *Old Silver Beach, Inc.* 303 Mass. 377, 378. *Old Mill Point Club, Inc.* v. *Paine,* 308 Mass. 505, 506. This leaves standing the order for judgment for Wishnewsky for damages in the amounts found by the auditor.

We now consider the second case.

The principal contention of the defendant is that the drainage system was installed by public officers for the purpose of draining surface water from certain highways and that the town is not liable for their official acts. The auditor has found that this contention has been sustained by the evidence. If this defence is now available to the defendant, it is decisive of the case. *Dupuis* v. *Fall River,* 223 Mass. 73. *Blaisdell* v. *Stoneham,* 229 Mass. 563. *Anglim* v. *Brockton,* 278 Mass. 90. *Bradley* v. *Marlborough,* 296 Mass. 253. *Harvard Furniture Co. Inc.* v. *Cambridge,* 320 Mass. 227. But liability may be imposed upon a town for the damage sustained by a landowner, due to the flooding of his land, resulting from the discharge of surface water from highways through a drainage system constructed by agents of the town. *Hawks* v. *Charlemont,* 107 Mass. 414, 417, 418. *Daley* v. *Watertown,* 192 Mass. 116, 118, 119. *Ryder* v. *Lexington,* 303 Mass. 281, 288. Gratiano alleged in his declaration and contends that the town is estopped to show that this system was constructed by public officers because of the judgments which were entered against the town in previous actions brought against it by Wishnewsky for damage due to the flooding of his land by reason of the overloading of the brook resulting from the discharge into it of this same drainage system. If the issue now raised by the defendant was settled in this previous litigation, it is not entitled to another opportunity to try out that question. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148. *James Stewart & Co. Inc.* v. *National Shawmut Bank,* 291 Mass. 534, 546.

We examine the findings of the auditor as to the nature of this previous litigation in order to determine the issues

which were there decided and settled. The drainage system was installed in 1924 and consisted of several catch basins which were connected with a pipe which discharged into the brook a short distance above the Wishnewsky premises. From the time Wishnewsky purchased the premises in 1915 and 1917 until shortly subsequent to the completion of this drainage system, there was no flooding of his land. The brook was adequate to carry off the surface water which naturally found its way into the watershed of the brook. The discharge of the eighteen inch drain pipe, which was the outlet of this system, into the brook soon after the pipe was laid overloaded the brook and flooded Wishnewsky's premises. He brought an action against the town to recover damages, and the jury in 1928 returned a verdict for him. The judgment which followed was paid by the town. A second action was brought by him and terminated in an agreement for judgment in his favor, and the execution which issued was returned to court "satisfied in full." Doubtless, these were final judgments. *Browne* v. *Moran*, 300 Mass. 107. *Macheras* v. *Syrmopoulos*, 319 Mass. 485.

The present actions are brought to recover for damage resulting from floodings of the land different from those which furnished the basis for the previous actions brought by Wishnewsky. Where, as here, the plaintiff may bring successive actions for damage to his land due to different trespasses which are not of a permanent character but are intermittent or recurring, his cause of action in each case is the particular trespass for which he seeks recovery for damage sustained by reason of that trespass, and each such trespass constitutes a new cause of action. *Hodges* v. *Hodges*, 5 Met. 205, 211. *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5, 8. *Ryder* v. *Lexington*, 303 Mass. 281, 294. See 75 A. L. R. 519; Prosser, Torts, 91, 92.

In a subsequent action between the same parties on a different cause of action, an estoppel by judgment applies only to all facts which were actually put in issue in the prior action and not to those that might have been tried

and settled in the previous action. *Lesberg* v. *Lesberg,* 260 Mass. 216, 221. *Spector* v. *Callahan,* 273 Mass. 293, 295. *Sandler* v. *Silk,* 292 Mass. 493, 498. *Marcus* v. *Richardson,* 299 Mass. 11, 13. *Mellen* v. *Modern Parlor Frame Corp.* 321 Mass. 305, 309. Restatement: Judgments, § 68.

The principle of estoppel by judgment also applies where it is plain that an issue attempted to be raised in the second case was the same issue which was so necessarily involved in the first action that the judgment which was entered therein could not possibly have been entered on any ground other than that this issue was adjudicated adversely to the party later attempting to present it. The findings of the auditor (other than the one that the present causes of action were the same as those in the previous actions) that there had been no substantial changes in the physical aspects of the locus, nor in any of the factors contributing to the flooding of the land since the prior actions by Wishnewsky against the town, nor in the construction of the drainage system, demonstrate that all these actions arose from the same background and that the only difference between them was that each related to one of a series of floods. These and similar findings of the auditor are substantially to the effect that the present actions are between the same parties (if Gratiano is in privity with Wishnewsky) as were the previous actions and, like those actions, are based upon the construction of the same drainage system, the discharge from which flooded the same premises through the same brook. Every essential element bearing upon the liability of the town is the same in all this litigation. Liability for the construction of the system could not by any possibility have been fastened upon the town unless the construction had been done by agents of the town. That is the only ground upon which Wishnewsky could have recovered against the town in the prior actions. An issue thus shown to have been necessarily involved in the prior action must be considered to have been adjudicated and settled in that action and is concluded against the defendant. *Burlen* v.

*Shannon,* 99 Mass. 200, 203. *Morse* v. *Elms,* 131 Mass. 151, 152. *Foye* v. *Patch,* 132 Mass. 105, 111. *Waterhouse* v. *Levine,* 182 Mass. 407, 409. *Slavinsky* v. *Slavinsky,* 287 Mass. 28, 30. *Sandler* v. *Silk,* 292 Mass. 493, 498. *Bonifazi* v. *Breschi,* 296 Mass. 544, 548. *Cochrane* v. *Cochrane,* 303 Mass. 467, 470.

The auditor denied recovery to Gratiano solely on the ground that there was no privity between him and Wish-- newsky and so Gratiano was not entitled to any benefits under the doctrine of res judicata. But Gratiano was in lawful possession of a part of the premises under a lease from Wishnewsky and has succeeded in acquiring an interest in the land since the former litigation. His rights in the land were derived from Wishnewsky to whom he was bound not only by contract but by privity of estate, *Farrington* v. *Kimball,* 126 Mass. 313, *Collins* v. *Pratt,* 181 Mass. 345, *Donaldson* v. *Strong,* 195 Mass. 429, *Kacavas* v. *Toothacker,* 278 Mass. 302; and it having been decided that the issue now raised by the town was decided adversely to the town in the earlier litigation, Gratiano is entitled to the benefit of that adjudication. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 218. *Missouri Pacific Railroad* v. *McGuire,* 205 Ark. 658. Freeman, Judgments (5th ed.) § 439. See *O'Neil* v. *Topping,* 242 Mass. 534; *MacCormac* v. *Murphy,* 322 Mass. 228.

It follows in the first case that the plaintiff's appeal from the denial of his motion to recommit the auditor's report and the appeal of the defendant from the denial of its motion for judgment must be dismissed. The order for judgment for Wishnewsky is affirmed. In the second case, the order for judgment for the defendant is reversed, and an order is to be entered for judgment for the administratrix of Gratiano in the amounts found by the auditor.

*So ordered.*