Muse, Christopher J., J.
BACKGROUND
The plaintiff, Curtis Pine Grove, Inc. (“CPGI”), has petitioned for declaratory judgment regarding its rights as a tenant to occupy property in Dennisport (“the Property”) recently purchased by the defendant, Old Wharf, LLC (“Old Wharf’).[3] In a companion case, a number of parties claiming rights as CPGI’s sub-lessees (“the Sub-Lessees”) petitioned for a declaration that Old Wharf took the Property subject to their rights. Old Wharf submitted virtually identical sets of counterclaims against CPGI and the Sub-Lessees (collectively, “the Petitioners”). Asserting the defense of Res Judicata, CPGI moves to Dismiss Count I of Old Wharfs counterclaims, which asks for a declaration that Old Wharf is entitled to possession of the Property free and clear of the Petitioners’ interests. For the reasons that follow, the motion is DENIED.
FACTS
The following is a summary of the record as presented in the parties’ list of joint exhibits.
On February 27, 1954, Arthur F. and Ethel M. Chase (“the Chases”) executed a lease of the Property *416 to Fred H. and Mary C. Curtis (“the Curtises”) for twenty-five years. The lease called for annual rent of $400.00. The Lease provided that “the Lessees or their successors shall have an option of renewing this lease at the expiration of succeeding twenty-five (25) year periods upon the same terms and conditions as herein contained."
On August 4, 1964, the Curtises assigned their interest in the lease to CPGI. Over time the Curtises and/or CPGI designated fifty-nine parcels on the Property and subletted each one, upon which summer cottages were constructed.
On January 20, 1979, CPGI recorded a notice that they had exercised their option for another twenty-five-year term of the Lease.
On September 22, 1986, Carolyn Cummings (“Cummings”), the Chases’ successor in interest, served a notice to quit the Property upon both Mary C. Curtis and CPGI. Curtis and CPGI responded by petitioning for injunctive and declaratory relief. In their complaint, Curtis and CPGI asked the court to enjoin Cummings from enforcing the notice to quit, to “determine for what period of time the Plaintiff has the right to lease the property owned by the Defendant,” and to permanently enjoin Cummings from attempting to terminate the lease. When the plaintiffs moved for summary judgment Cummings argued that the Lease created a tenancy at will, pointing to language allowing the lessee to cancel the Lease upon one month’s notice.
On April 24, 1987, Judge Francis W. Keating of Barnstable County Superior Court allowed the plaintiffs’ motion for summary judgment. Judge Keating’s order phrased the issue as “whether the Lease is a ‘tenancy for a term’ or a ‘tenancy at will.’ ” Judge Keating held that because the Lease had a “definite beginning” and “definite duration,” it created “a renewable twenty-five-year tenancy for a term.”[4] On March 16, 1988, the Appeals Court affirmed the grant of summary judgment. In an unpublished memorandum accompanying the order, the Appeals Court endorsed Judge Keating’s reasoning.
In January of 2004 CPGI served notice of intent to exercise its option for another twenty-five-year term on the Lease. On September 3, 2004, CPGI mailed an annual rent payment. By that point, Cummings’s successors had conveyed their interests in the Property to Otter Trap, LLC (“Otter Trap”). An attorney representing Otter Trap returned CPGI’s rent payment, with a letter stating that the Lease had expired and that CPGI was “holding over” on the Property. The letter also asserted that “we have been attempting to negotiate a new lease with you for several months.”
In May of 2005, CPGI filed its petition for declaratory judgment in the current litigation. The Sub-Lessees followed with their petition four months later. Each petition alleged that on May 17, 2005, an attorney representing a purchaser of the Property had informed CPGI that it had no rights under the Lease.
In its answers, Old Wharf alleged it had bought the Property from Otter Trap, and admitted that before the purchase one of its representatives had contacted CPGI. Old Wharf also alleged that the Lease allowed only one twenty-five-year renewal, and that CPGI had no right to another term beginning in 2004. Count I of Old Wharfs counterclaims sought declarations that the Lease expired on February 27, 2004, that CPGI’s attempt to renew the lease was invalid, and that neither CPGI nor the Sub-Lessees had a right to occupy the Property.
In answering Old Wharfs counterclaim, the Petitioners argued that “res judicata or estoppel” or “issue preclusion and/or collateral estoppel” barred Old Wharf from seeking declaratory relief as to whether the Lease allowed an additional, and successive, twenty-five-year terms.
DISCUSSION
The term “res judicata” includes the doctrines known in contemporary language as “claim preclusion” and “issue preclusion.” Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). Each form of preclusion will be considered in turn.
Claim preclusion
Claim preclusion prevents a party from bringing a claim that either was or should have been resolved in prior litigation. Heacock, 402 Mass. at 23. The rationale behind the doctrine is to prevent a party who had both motive and opportunity to bring a claim from waiting until subsequent litigation to do so. Id. at 24 (citations omitted). Claim preclusion applies only when three conditions exist: 1) the current parties are the same, or in privity with, the parties to the prior litigation; 2) the claims in the prior and current litigation are identical; and 3) the prior litigation reached a final judgment on the merits. Kobrin v. Bd. of Registration in Medicine, 444 Mass. 837, 843 (2005) (citations omitted).
Here, the second element of claim preclusion is missing because Old Wharfs claim is different from the plaintiffs’ claim in the original Curtis v. Cummings litigation.[5] See Long v. Wickett, 50 Mass.App.Ct. 380, 392 (2000) (defining claim as assertion of single legal right). Using Judge Keating’s reading of the Curtis plaintiffs’ claim, they asserted their right as lessees to stay on the Property throughout some defined term.[6] Here, by contrast, Old Wharf has asserted a right as owner to dispossess the Property’s occupants.
Issue preclusion
Issue preclusion applies when a party brings a different claim in subsequent litigation, but the new claim raises an issue that has already been litigated. Heacock, 409 Mass. at 23 n.2. The elements of issue preclusion are similar to those for claim preclusion; 1) a prior final judgment on the merits; 2) the party *417 raising the issue was a party, or is in privity with a party, to the prior litigation; 3) the issue being raised is identical to the issue already litigated; and 4) the issue was essential to resolution of the prior litigation. Kobrin, 444 Mass. at 843-44.
Old Wharfs counterclaim raises the issue of whether the Lease allowed the lessee to “renew” for only one additional twenty-five-year term. Resolution of this issue will require interpretation of the Lease, and a determination of whether the parties intended to create a new lease every twenty-five years. See Qureshi v. Fiske Capital Mgmt., Inc., 59 Mass.App.Ct. 463, 465 (2003) (distinguishing renewal, which creates new lease, from extension, which leaves original lease in effect). Because laypersons may not realize the legal distinction between renewing and extending, courts should not interpret renewal or extension clauses based solely on language in a lease. Id. at 465-66. To determine CPGI’s rights as a lessee as of 2004 will require evidence of how the Lease was executed in 1954 and how the parties agreed to a second term in 1979. See id. at 466 (settling renewal/extension distinction through evidence of parties’ conduct and overall circumstances).
By contrast, the Curtis v. Cummings litigation settled only the issue of whether the Lease created a tenancy for some fixed term of years. The court did not have to resolve ambiguities of renewal or extension. The court interpreted the lease based only on case law, and did not need to consider the parties’ conduct. What is most obvious to this court is that whether the lease was effectively renewed in 2004, and/or may be renewed for successive terms,[7] are questions that no court has ever addressed. Because issues then and now are not identical, the Petitioners cannot raise issue preclusion as a defense to Old Wharfs counterclaim.
ORDER
For the foregoing reasons, the plaintiff, Curtis Pine Grove, Inc.’s, Motion to Dismiss Count I of the defendant, Old Wharf LLC’s, counterclaims is DENIED.

The other defendants are Old Wharfs predecessors as owners of the Property.

Judge Keating acknowledged the plaintiffs’ request for a permanent injunction, but neither allowed nor disallowed the request.

Regarding the first element, CPGI was a party to both the prior and current litigation, while the Sub-Lessees have privity of estate with CPGI. See Wishnewsky v. Town of Saugus, 325 Mass. 191, 196 (1950) (holding lessee acquiring subsequent interest in property could claim benefit of earlier judgment in lessor’s favor).

As noted above, the Curtis plaintiffs asked the court to “determine for what period of time the Plaintiff has the right to lease the property.” A literal reading of the petition would mean the third element of claim preclusion is missing. Judge Keating issued a final judgment only on the merits of whether the Lease created a tenancy for any fixed period, not on the length of time for which the plaintiffs had the right to lease the Property.

Old Wharf has asserted a defense of the Rule Against Perpetuities, in violation of G.L.c. 184A, which was neither raised nor answered in the prior proceeding.